UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DOUGLAS ROBERTSON (#91333)

VERSUS                                            CIVIL ACTION

N. BURL CAIN, ET AL                               NUMBER 10-350-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 3, 2011.

_____
                                **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DOUGLAS ROBERTSON (#91333)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                      NUMBER 10-350-JJB-DLD


<u>MAGISTRATE JUDGE'S REPORT</u>

This matter is before the court on the application of petitioner Douglas Robertson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the petition should be dismissed as untimely.

Petitioner was found guilty of one count first degree robbery in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, on January 13, 2005.  Petitioner was adjudicated a habitual  felony offender and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction, habitual offender adjudication and sentence.  *State of Louisiana v. Douglas Robertson,* 2005-1594 (La. App. 1st Cir. 5/12/06), 929 So.2d 296 (Table).  Petitioner sought review by the Louisiana Supreme Court but subsequently withdrew the writ application.

Petitioner filed an application for post-conviction relief (PCRA) on July 23, 2008.  The trial court denied the petitioner's PCRA on January 21, 2009, on grounds that the PCRA was untimely pursuant to La.C.Cr.P. art. 930.8.  Petitioner sought supervisory review by the Louisiana First Circuit Court of Appeal.  The appellate court denied review.  *State ex*

*rel. Douglas Robertson v. State of Louisiana*, 2009-0323 (La. App. 1st Cir.). Petitioner

sought supervisory review in the Louisiana Supreme Court. The Louisiana State Supreme

Court denied review specifically relying on La. C.Cr.P. art. 930.8. *State ex rel. Douglas*

*Robertson v. State of Louisiana*, 2009-1555 (La. 4/30/10), 34 So.3d 284.

Petitioner signed his federal habeas corpus application on May 18, 2010, and it was

filed on May 20, 2010.

No evidentiary hearing is required. Petitioner's federal habeas corpus application

is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act,

a prisoner in custody pursuant to the judgment of a state court has a one year period within

which to file an application for a writ of habeas corpus. The limitation period runs from the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for

state post-conviction or other collateral review, with respect to the pertinent judgment or

claim, is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one submitted according to the state's procedural

requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134

F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex.

1998). A state application is "pending" during the intervals between the state court's

disposition of a state habeas corpus petition and the petitioner's timely filing of petition of

review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on June 12, 2006.[1] From the date the petitioner's conviction became final on June 12, 2006, until July 23, 2008, the date the petitioner filed his PCRA, 771 days of the limitations period elapsed. By the time the petitioner sought post-conviction relief in the trial court the time limit to file a federal habeas corpus application had already elapsed. Petitioner's federal habeas corpus application was not timely filed.

Insofar as the petitioner argued that the limitations period was tolled while *Douglas Robertson v. State of Louisiana, et al*, CV 06-585-FJP-DLD was pending, the argument is without merit. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120 (2001).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on January 3, 2011.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

The conviction and sentence became final on June 11, 2006, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, June 12.