UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DOUGLAS ROBERTSON (#91333)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 10-350-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 23, 2014.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS ROBERTSON (#91333)

VERSUS                                             CIVIL ACTION

N. BURL CAIN, ET AL                                NUMBER 10-350-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the petitioner's Motion for Reconsideration of Dismissed Writ of Habeas Corpus, which shall be treated as a motion for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P. Record document number 40.

**I. Procedural History**

**A. State Court Proceedings**

Petitioner was found guilty of one count first degree robbery in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, on January 13, 2005. Petitioner was adjudicated a habitual felony offender and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction, habitual offender adjudication and sentence. *State of Louisiana v. Douglas Robertson,* 2005-1594 (La. App. 1st Cir. 5/12/06), 929 So.2d 296 (Table). Petitioner sought review by the

Louisiana Supreme Court but subsequently withdrew the writ application.

Petitioner filed an application for post-conviction relief ("PCRA") on July 23, 2008. The trial court denied the petitioner's PCRA on January 21, 2009, on grounds that the PCRA was untimely pursuant to La.C.Cr.P. art. 930.8. Petitioner sought supervisory review by the Louisiana First Circuit Court of Appeal. The appellate court denied review. *State ex rel. Douglas Robertson v. State of Louisiana*, 2009-0323 (La. App. 1st Cir.). Petitioner sought supervisory review in the Louisiana Supreme Court. The Louisiana State Supreme Court denied review specifically relying on La. C.Cr.P. art. 930.8. *State ex rel. Douglas Robertson v. State of Louisiana*, 2009-1555 (La. 4/30/10), 34 So.3d 284.

**B. Federal Court Proceedings**

Petitioner filed his federal Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on May 20, 2010. On January 3, 2011, a Magistrate Judge's Report was issued recommending that the petition be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1] On February 10, 2011, the district judge adopted the Magistrate Judge's Report as the court's opinion and entered judgment.[2]

---

[1] Record document number 24.

[2] Record document numbers 27 and 28, respectively.

On February 28, 2011, the petitioner filed a notice of appeal.[3] On July 7, 2011, the United States Court of Appeals for the Fifth Circuit denied a Certificate of Appealability, specifically finding that the petitioner waived the district court's calculation of the limitations period and failed to make a showing of actual innocence.[4]

Petitioner is now before this court seeking relief from this court's judgment dismissing his § 2254 petition.

## II. Applicable Law and Analysis

**A. Successive Petition**

Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a

---

[3] Record document number 30.

[4] Record document number 36.

4

merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenges the application of the statute of limitations. Petitioner's argument relies on the Supreme Court's decision in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013). Therefore, the petitioner's Rule 60(b) motion should not be construed as an improper successive habeas petition and should be treated as properly before this court.

**B. Rule 60(b)**

In *McQuiggin* the Supreme Court held that a properly supported claim of actual innocence of the crime charged could excuse the failure to comply with the statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA") for a first-time habeas petition. *Id*. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). Petitioner contends that the ruling in *McQuiggin* excuses the untimeliness of his petition.

Rule 60(c)(1) requires that any "motion under Rule 60(b) be made within a reasonable time," Fed.R.Civ.P. 60(c)(1), "unless good cause can be shown for the delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis." *Id*. "The timeliness of the motion is measured as of the

5

point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Forth Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). Once a party has grounds to make a Rule 60(b) motion, he must bring the motion reasonably promptly. *Id*. at 121.

The Supreme Court issued its decision in *McQuiggin* on May 28, 2013. Petitioner did not file his motion until April 15, 2014, nearly 11 months later. Petitioner's claim was not brought within a reasonable time nor has he shown good cause for the delay. *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014).

Even assuming that the petitioner's Rule 60(b) motion was brought within a reasonable time, it is without merit.

Rule 60(b) permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition.

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

First, the petitioner failed to point to any mistake, inadvertence or excusable neglect which entitles him to Rule 60(b)(1) relief.

Second, even if the petitioner had alleged facts sufficient to support a Rule 60(b)(1) motion, it would be untimely because it was filed more than one year after entry of the judgment. A Rule 60(b) motion based on mistake, inadvertence or excusable neglect must be filed within one year of the entry of the judgment or order. Rule 60©). Judgment was entered on February 10, 2011. Petitioner did not file his Rule 60(b) motion until April 15, 2014, more than three years after the judgment was entered.

Third, a Rule 60(b)(6) motion requires a showing of extraordinary circumstances. A "change in decisional law" does not constitute the "extraordinary circumstances" necessary to support Rule 60(b) relief. *Adams v. Thaler*, 679 F.3d 312, 319-20 (5th Cir. 2012) ("[I]n *Gonzalez*, the Supreme Court concluded that a change in decisional law, concerning the interpretation of the AEDPA's statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute 'extraordinary circumstances' under Rule 60(b)(6).") Petitioner failed to establish the existence of any "extraordinary circumstances" regarding the dismissal of his § 2254 motion.

Fourth, insofar as the petitioner again asserts that he is

7

actually innocent of the crime for which he was convicted,[5] both this court and the appellate court previously considered his argument and rejected it.[6]  Nothing in his Rule 60 motion supports a different result now.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion for Reconsideration of Dismissed Writ of Habeas Corpus, treated as a motion for relief from judgment pursuant to Rule 60(b), be denied.

Baton Rouge, Louisiana, May 23, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Record document number 25, Written Objections to Magistrate Judge Report and Recommendation.

[6] Record document number 27, Ruling ("Petitioner's 'actual innocence' claim is without merit, as he has not alleged the existence of any new evidence which would have the effect of undermining the original guilty verdict."); Record document number 36, Fifth Circuit Court of Appeals opinion ("... Robertson has not made a showing of actual innocence.").

8